LITTLETON, JOYCE, UGHETTA, PARK & KELLY LLP
Wendy B. Shepps (WS-1207)
*Attorneys for Defendant Cohen & Slamowitz, LLP*
39 Broadway, 34th Floor
New York, New York 10006
(212) 404-5777
wendy.shepps@littltonjoyce.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

| | |
|---|---|
| MOHAMMED TIPOO, | : |
| on behalf of himself and the class | : **11-CV-6046** |
| | : |
| Plaintiff, | : |
| | : |
| - against - | : |
| | : |
| COHEN & SLAMOWITZ, LLP | : |
| | : |
| Defendant. | : |

-------------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
## COHEN & SLAMOWITZ, LLP'S MOTION TO ENFORCE SETTLEMENT

# TABLE OF AUTHORITIES

**Cases**                                                           **Page**

*Comm'n Express Nat'l, Inc. v. Rikhy,* 2006 U.S. Dist. LEXIS 8716 (E.D.N.Y. 2006) ..................3

*Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC,* 2005 U.S. Dist. LEXIS 11130 (S.D.N.Y. 2005) ........................................................................................................................3

*Janneh v. GAF Corp.,* 887 F.2d 432 (2d Cir. 1989) ......................................................................2

*Little v. Greyhound Lines, Inc.,* 2005 U.S. Dist. LEXIS 22247 (S.D.N.Y. 2005) ........................2

*Meetings & Expositions Inc. v. Tandy Corp.,* 490 F.2d 714 (2d Cir.1974) ...................................3

*N. Fork Country, LLC v. Baker Publ'ns, Inc.,* 436 F.Supp.2d 441 (E.D.N.Y. 2006) .....................3

*Red Ball Interior Demolition Corp. v. Palmadessa,* 173 F.3d 481 (2d Cir. 1999).........................2

*Register.Com, Inc. v. Verio, Inc.,* 356 F.3d 393 (2d Cir. 2004)......................................................3

*Reich v. Best Built Homes, Inc.,* 895 F.Supp. 47 (W.D.N.Y.1995) ................................................3

## PRELIMINARY STATEMENT

Defendant COHEN & SLAMOWITZ, LLP ("Cohen & Slamowitz"), respectfully submits this Memorandum of Law and the accompanying Declaration of Wendy B. Shepps, Esq., dated January 18, 2012 ("Shepps Declaration") in support of its cross-motion to enforce a settlement entered into with plaintiff on December 2, 2011; and for such other and further relief as this Court deems just and proper.

## ARGUMENT

"A settlement is a contract, and once entered into is binding and conclusive." *Little v. Greyhound Lines, Inc.,* 2005 U.S. Dist. LEXIS 22247 (S.D.N.Y. 2005) (citing *Janneh v. GAF Corp.,* 887 F.2d at 436). *See also, Red Ball Interior Demolition Corp. v. Palmadessa,* 173 F.3d 481 (2d Cir. 1999) ("settlement agreements are contracts and must therefore be construed according to general principles of contract law").

Plaintiff's counsel filed a motion seeking to withdraw in the instant action.  In the motion, plaintiff's counsel concedes that a settlement was reached resolving the subject action. Following negotiations, plaintiff's counsel sent an email to Wendy Shepps, counsel for the defendant Cohen & Slamowitz, confirming that "the entire case will be settled for $3,000" and that the agreement will be confidential.  (See, Exhibit "A" to the Shepps Declaration).

Apparently, despite counsel's agreement to resolve the case, presumably with his client's consent, plaintiff Mohammed Tipoo has refused to execute the settlement documents. "[B]ecause of the unique nature of the attorney-client relationship, and consistent with the public

policy favoring settlements, we presume that an attorney-of-record who enters into a settlement agreement, purportedly on behalf of a client, had authority to do so." *Id.*

Pursuant to New York law, to have a binding settlement agreement, there must be an offer, acceptance, consideration, mutual assent and intent to be bound. *Hostcentric Techs., Inc. v. Republic Thunderbolt, LLC,* 2005 U.S. Dist. LEXIS 11130 (S.D.N.Y. 2005) (citing *Register.Com, Inc. v. Verio, Inc.,* 356 F.3d 393 (2d Cir. 2004)). All those factors were satisfied with regard to the settlement of the subject matter. A settlement offer was made on behalf of Cohen & Slamowitz to plaintiff's counsel Shimshon Wexler. Per Mr. Wexler's email, the settlement offer was accepted to resolve the entire action. (See, Exhibit "A").

The parties' intent to execute a written settlement agreement thereafter did not effect the formation of an agreement to settle the case. *N. Fork Country, LLC v. Baker Publ'ns, Inc.,* 436 F.Supp.2d 441 (E.D.N.Y. 2006).

Once reached by the parties, settlement agreements are binding and enforceable. *Janneh v. GAF Corp.,* 887 F.2d 432 (2d Cir.1989); *Reich v. Best Built Homes, Inc.,* 895 F.Supp. 47 (W.D.N.Y.1995). "A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *Comm'n Express Nat'l, Inc. v. Rikhy,* 2006 U.S. Dist. LEXIS 8716 (E.D.N.Y. 2006) (citing *Meetings & Expositions Inc. v. Tandy Corp.,* 490 F.2d 714, 717 (2d Cir.1974)).

It is undisputed and in fact conceded by plaintiff's counsel that a settlement of this matter was reached on December 2, 2011. Accordingly, as counsel representing the respective parties to this litigation agree that a settlement was entered into, it is respectfully submitted that an

Order should be entered enforcing the settlement and directing that plaintiff execute the settlement documents allowing for release of the settlement funds.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court issue an Order enforcing the settlement and directing plaintiff and plaintiff's counsel to execute the settlement documents resolving this matter, and for such other and further relief that this Court deems just and proper.

Dated: New York, New York
        January 18, 2012

Respectfully submitted,

WENDY B. SHEPPS  (WS1207)
LITTLETON JOYCE UGHETTA PARK & KELLY LLP
Attorneys for Defendant
COHEN & SLAMOWITZ, LLP
39 Broadway, 34th Floor
New York, New York 10006
Tel:    (212) 404-5777
Fax:    (212) 232-0088

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 18, 2012, that the foregoing Memorandum of Law was filed and

uploaded to the CM/ECF system which will send a notice of electronic filing to the following:


Shimshon Wexler
Attorneys for Plaintiff
2710 Broadway, 2nd Floor
New York, New York 10025


_____
WENDY B. SHEPPS  (WS1207)