UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
MOHAMMED A TIPOO,                      Case No.:11-cv-6046(RJS) (GWG)
on behalf of himself and the class
                                                           **ECF CASE**
            Plaintiff,

      v.

COHEN & SLAMOWITZ, LLP

            Defendant.
------------------------------------------------X

## REPLY DECLARATION OF ATTORNEY SHIMSHON WEXLER

I, SHIMSHON WEXLER, hereby state as follows:

That I am over 18 years of age and if called to testify would affirmatively state the matters as follows:

1.  That I am the plaintiff's attorney in the above captioned matter.

2.  That plaintiff was offered complete relief via an offer of judgment which gave him $1,200. As plaintiff was only seeking statutory damages, his maximum award under the FDCPA statutory scheme could only be $1,000. Thus, the offer of judgment was $200 more than the plaintiff was able to get if his case were to proceed. The offer of judgment and the acceptance are annexed as **Exhibit A**.

3.  I called plaintiff to tell him about the offer and he said I was authorized to accept the offer.

4.  I filed the offer of judgment along with the acceptance of the offer of judgment on the Case Management Electronic Case Files ("CM/ECF"), thus making it a public record.

5. Attorney Shepps admits in paragraph 4 of her declaration, that this was an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure. Therefore, plaintiff would have been responsible for paying costs after the unaccepted offer. As Rule 68(d) states "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."

6. The court entered a judgment on the CM/ECF, which made it a public document, in favor of plaintiff and against the defendant on 11/21/11. The judgment stated "That plaintiff have judgment in the amount of $1,200.00 as against the defendant. Accrued costs, disbursements and reasonable attorney's fees to be decided by the Court either by motion or stipulation." The judgment is annexed as **Exhibit B**.

7. FRCP 54(d)(2)(B) states that a motion for attorney's fees is to be made 14 days after the entry of judgment.

8. After the court entered judgment in favor of the plaintiff for $1,200, I was negotiating my attorney's fees and costs with Attorney Shepps and I was not negotiating for any additional relief for the plaintiff. The email chain is annexed as **Exhibit C**.

9. Never was there a discussion of overturning or setting aside the judgment which was entered by the Court.

10. After the judgment was entered, the only item left to be resolved was the attorney's fees and accrued costs and disbursements.

11. As I was negotiating attorney's fees and costs, Attorney Shepps worded the settlement she was offering in terms of defendant's entire liability, while never making clear or even indicating that she intended to create an agreement that would cause the withdrawal of the judgment entered by the court. The email chain is annexed as **Exhibit C.**

12. Attorney Shepps and I came to an agreement to resolve the case with the defendant's total payout on the case of $3,000. This was memorialized in an email which stated "This email confirms our phone conversation which occurred 3 minutes ago. The entire case will be settled for $3,000

and the agreement will be confidential." The agreement being confidential referred to my attorney's fees and costs, as plaintiff's judgment was already a matter of public record. I merely agreed that the amount that defendant was to pay in attorney's fees and costs be confidential. The email is annexed as **Exhibit D**.

13.  Attorney Shepps does not state that the phone conversation referred to the plaintiff signing a general release. In fact, Attorney Shepps does not even mention a general release in her papers and instead refers to the settlement agreement as "settlement documents" even though a general release is what was provided in an email and Attorney Shepps said that it was required to be signed in order for the plaintiff and the plaintiff's attorney to get paid. The general release is annexed as **Exhibit E**.

14.  Defendant was never entitled to a general release. The judgment entered by the court pertained to this case only. Plaintiff should not have to sign a general release relating to any other claims that he may have.

15.  It is true that I did not object when the general release was sent. This was because I was negotiating with Attorney Shepps about getting my client additional relief from the defendant and in exchange giving them a general release for which they were not entitled to at that point. The judgment entered does not require plaintiff to sign a general release to be paid. The negotiations did not concern plaintiff getting more money than the $1,200 judgment that was entered in his favor. However, plaintiff was attempting to settle the debt upon which the collection law firm defendant was collecting and in return give up certain rights he may have against the defendant.

16.  Attorney Shepps told me that she had to wait for her client to return from a year end vacation and then she would get back to me concerning whether her client could settle the debt of the plaintiff and in exchange receive a general release. On January 3, 2012, Attorney Shepps responded in an email to the question of "have you heard anything from your client" that "I'm sorry. I do not have any guidance for you." This email chain is annexed as **Exhbit F**.

17. After Attorney Shepps told me that she was unable to satisfy my client's desires, my client fired me and this motion ensued. This motion is requesting my withdrawal from representing plaintiff and that the amount Attorney Shepps and I agreed upon for attorney's fees and costs be enforced.

18. Instead of paying the amount which we agreed upon, Attorney Shepps has simply withheld payment demanding that plaintiff sign a general release. No additional consideration was ever given entitling defendant to a general release from plaintiff. The $1,800 in addition to the $1,200 judgment represents an agreed amount for attorney's fees and costs. No part of that money is payment for a general release. The defendant is simply not entitled to a general release from the plaintiff or any other document except for a satisfaction of judgment after the defendant has paid the judgment.

19. Attorney Shepps states in her declaration paragraph 6, that "the agreement to settle the case effectively voided the acceptance of the offer of judgment", as explained in this declaration the agreement to settle only concerned attorney's fees and had no effect on the judgment entered by the court. Further, defendant has mischaracterized how their liability for attorney's fees arose, defendant's liability does not arise from the acceptance of the offer of judgment rather it arises from an actual court judgment. Defendant does not argue that the court judgment should be withdrawn.

20. Rule 6 of the Federal Rules of Civil Procedure entitled "Computing and Extending Time for Motion Papers states:

(b) Extending Time.

(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

(2) *Exceptions.* A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

21.     Alternatively, because I was negotiating in good faith and I thought we had come to an agreement and I only learned that an agreement had not been and could not be reached until recently, the court should allow me to make a motion for attorney's fees and costs at this juncture even though it is past 14 days since the entry of judgment. See *Weed Weed-Schertzer v. Nudelman*, 2011 U.S. Dist. LEXIS 108928 (D.N.J. 2011)( Allowing a late opposition to a motion for attorney's fees saying that the court has broad authority with respect to timing and scheduling considerations).

20.     If the Court does not grant a judgment in favor of the plaintiff's attorney for $1,800, I respectfully ask this Court to allow a motion for attorney's fees to be made.

I declare under the penalty of perjury that the foregoing is true and correct.

_____
Shimshon Wexler

Executed on January 25, 2012